#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCGUFFEY, | : | |
|    Plaintiff. | : | |
| | : | CIVIL ACTION |
|         v. | : | |
| | : | NO. 05-2840 |
| BRINK'S, INC., | : | |
|    Defendant. | : | |
| | : | |

#### MEMORANDUM AND ORDER

**January 20, 2009**                                                                            **Anita B. Brody, J.**

**I. INTRODUCTION**

      On June 14, 2005, Plaintiff James McGuffey ("McGuffey") sued Brink's, Inc., and The Brinks Company Pension Retirement Plan ("Plan"). McGuffey asserted one claim against the Plan under the Employee Retirement Income Security Act ("ERISA"), 26 U.S.C. §§ 4972-75, 29 U.S.C. §§ 401-15. On September 15, 2005, the Plan filed a motion to dismiss the Complaint (Doc. #12) that I denied without prejudice (Doc. #25). On October 10, 2006, the Plan filed a motion for summary judgment (Doc. #75) that I granted (Doc. #111). On June 24, 2008, the Plan filed a motion for attorneys' fees and related expenses under 29 U.S.C. § 1132(g)(1) (Doc. #193). For the reasons stated below, I will deny this motion.

**II. DISCUSSION**

      In Count II of his Complaint (Doc. #1), McGuffey claimed that the Plan violated ERISA by terminating him three months before his pension benefits would have increased. (Compl.

¶¶ 82-86.)  ERISA makes it "unlawful for any person to discharge … a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan."  29 U.S.C. § 1140.  On October 30, 2006, the Plan moved for summary judgment (Doc. #75), arguing that it was not a "person" under § 1140.  (Mem. of Law in Supp. of Def. Brink's Co. Pension-Retirement Plan's Mot. for Summ. J. 6-8.)  ERISA defines "person" to mean "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization."  29 U.S.C. § 1002(9).  On January 11, 2008, I granted summary judgment on the ground that "person" in § 1002(9) does not include a pension plan (Doc. #111).  I relied on two opinions from the Western District of Pennsylvania and Northern District of Iowa reaching this conclusion and two Third Circuit opinions indicating that Congress intended ERISA to prevent employer misconduct.

      The Plan now requests that I award attorneys' fees and related costs incurred in defending McGuffey's claim.  ERISA provides that "[i]n any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  In Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir.1983), the Third Circuit articulated five factors that must be considered in deciding a motion under § 1132(g)(1):

      (1) the offending parties' culpability or bad faith;
      (2) the ability of the offending parties to satisfy an award of attorneys' fees;
      (3) the deterrent effect of an award of attorneys' fees against the offending parties;
      (4) the benefit conferred on members of the pension plan as a whole; and
      (5) the relative merits of the parties' position.

Id. at 673.  While a district court may consider other factors as well, at minimum "it must articulate its considerations, its analysis, its reasons and its conclusions touching on each of the

five factors delineated in *Ursic*." Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1012 (3d Cir. 1992). These five factors, however, "apply only to the question whether a fee should be awarded." Bell v. United Princeton Properties, Inc., 884 F.2d 713, 724 (3d Cir. 1989).

Regarding the first factor, the Plan argues that McGuffey and his attorney Carmen Matos ("Matos") showed culpability or bad faith by pursuing her legal theory despite the Plan's counsel assuring her that it was meritless. "[B]ad faith normally connotes an ulterior motive or sinister purpose." McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc., 33 F.3d 253, 256 (3d Cir. 1994). By contrast, "culpable conduct" means "conduct that is 'blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault.'" Id. at 256-57 (quoting Black's Law Dictionary (6th ed. 1990)). "Such conduct normally involves something more than simple negligence." McPherson, 33 F.3d at 257.

McGuffey and Matos's conduct does not even show negligence, much less culpability or bad faith. She made reasonable, non-frivolous arguments interpreting 29 U.S.C. § 1140. See Monkelis v. Mobay Chem., 827 F.2d 935, 937 (3d Cir. 1987) (noting in relation to culpability that a claim was "clearly frivolous on the merits"). The mere fact that their position was ultimately unsuccessful does not show culpability or bad faith. See McPherson, 33 F.3d at 257 ("A party is not culpable merely because it has taken a position that did not prevail in litigation."). Thus, I find that the first *Ursic* factor weighs against awarding the Plan attorneys' fees and related costs.

Regarding the second factor, neither party's pleading offers a compelling argument or even cites to the record. McGuffey may have the ability to pay the Plan's attorneys' fees, but such payment could cause significant hardship. Although he earned a six-figure salary for many

years, McGuffey lost his employment. Thus, I find that the second Ursic factor does not favor granting the award requested.

Regarding the third Ursic factor, I must consider "the deterrent effect of an award of attorneys' fees against the offending parties." Ursic, 719 F.2d at 673. McGuffey cannot be deemed an "offending" party merely for having sued the Plan. His claim was reasonable and made in good faith. Deterring such conduct would contravene Congress's intention to allow private litigation under 29 U.S.C. § 1140. Thus, I find that the third Ursic factor weighs against granting the award requested.

"The fourth factor requires consideration of the benefit, if any, that is conferred on others by the court's judgment." McPherson, 33 F.3d at 256 (finding that a successful plaintiff benefitted other pension plan members). The Plan's motion does not discuss this factor at all. My grant of summary judgment, however, may have slightly benefitted others because the Plan avoided liability. Thus, I find that the fourth Ursic factor favors granting the award requested, although only slightly.

Regarding the fifth factor, "there will be cases in which the relative merits of the positions of the parties will support an award even in the absence of bad faith litigating," but "the fact that … positions have not been sustained does not alone put the fifth factor in the column favoring an award." Id. at 258. I have already found that Matos made reasonable, non-frivolous arguments supporting McGuffey's claim. Thus, this factor does not favor granting the award requested. Overall, the Ursic factors compel me to deny the Plan's motion for attorneys' fees and related expenses under 29 U.S.C. § 1132(g)(1) (Doc. #193).

## **ORDER**

**AND NOW**, this __20th __ day of January, 2009, it is **ORDERED** that Defendant The Brink's Company Pension-Retirement Plan's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. #193) is **DENIED**.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:         Copies **MAILED** on _____ to: